UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDISON ODISHO SHINO, ) | 1:12-CV-00222 LJO GSA HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATIONS |
| ) | REGARDING PETITION FOR WRIT OF |
| v. ) | HABEAS CORPUS |
| ) | |
| HECTOR RIOS, JR., Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner is a federal prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND**

Petitioner is currently in custody of the Bureau of Prisons at the United States Penitentiary located in Atwater, California, pursuant to a judgment of this Court, entered on August 3, 2006, following his conviction by jury trial of conspiracy to manufacture methamphetamine and attempt to possess pseudoephedrine. Petitioner was sentenced to serve a determinate prison term of 190 months in federal prison.

On February 16, 2012, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner alleges that his sentence was not properly credited for the time he spent in federal custody prior to the commencement of his sentence. On June 4, 2012, Respondent filed an answer to

the petition. Petitioner filed a traverse on June 20, 2012.

**DISCUSSION**

I.  Jurisdiction

     A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

     In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

     In this case, Petitioner is challenging the execution of his sentence. Therefore, the Court has jurisdiction to hear the instant claims in a habeas petition pursuant to § 2241.

II.  Exhaustion

     A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984). It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982). In this case, Petitioner has exhausted his available remedies by pursuing all levels of

administrative remedies.

III.  Review of Petition

On November 20, 2003, Petitioner was arrested and taken into federal custody.  He remained in federal custody until he was sentenced on August 3, 2006.  He claims he has not been given credit for those 987 days he was in federal custody from arrest to sentence.

Respondent has submitted sentence computation documentation and copies of court records showing Petitioner was sentenced to a term of 190 months on August 3, 2006.  (See Resp't's Answer, Ex. 1.)  A "Tentative Full Term" (TFT) date was calculated by projecting 190 months out.  Based on the sentencing date of August 3, 2006, the TFT was calculated to be June 2, 2022.  With no credit awarded against the sentence, this would be the full term Petitioner would have to serve.

Respondent then awarded the prior custody credit of 987 days that is the subject of this petition.  (See Resp't's Answer, Ex. 1.)  The 987 days credit was deducted from the TFT to give an "Expiration Full Term" (EFT) date of September 19, 2019.  (Id.)

Finally, Respondent calculated Petitioner's earned and projected "Good Conduct Time" (GCT).  Based on the length of his sentence, Petitioner is eligible to earn a total of 721 days of GCT.  (Id.)  Respondent then deducted the 721 days of GCT to give a projected release date of September 28, 2017. (Id.)

Accordingly, there is no question that Petitioner has been awarded the 987 days of pre-sentence credit.  His claim to the contrary is clearly frivolous.  Awarding additional credit would be impermissible double credit.  See United States v. Wilson, 503 U.S. 329, 335 (1992).

Respondent correctly argues that the case is moot since Petitioner has already been awarded the credit he now seeks.  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).  Accordingly, the case should be dismissed with prejudice.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITH PREJUDICE, and the Clerk of Court be DIRECTED to enter

judgment.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) calendar days after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 29, 2012                      /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE